UNITED STATES of America,
Plaintiff–Appellee,

v.

Donald PARDUE, Defendant–Appellant.

No. 94–30208

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 17, 1994.

Rehearing Denied Nov. 14, 1994.

Mark S. McTernan (court-appointed), McTernan & Parr, New Orleans, for appellant.

John Morello, Peter G. Strasser, Asst. U.S. Attys., Robert Boitmann, U.S. Atty., New Orleans, for appellee.

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:

In this sentencing guidelines appeal, Defendant–Appellant Donald Pardue complains of the district court's denial of his motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2). He asserts that the district court abused its discretion in denying his modification motion that was based on a post-sentencing amendment to the guidelines affecting the determination of the quantity of Lysergic Acid Diethylamide (LSD) to be used in calculating sentences. For the reasons set forth below, we affirm.

I

FACTS AND PROCEEDINGS

Pardue pleaded guilty to conspiracy to possess with intent to distribute approximately 16 grams of LSD in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced to 120 months' imprisonment. He filed a motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2), requesting that his sentence be reduced in light of an amendment to U.S.S.G. § 2D1.1(c). The subject amendment incorporated a new method for calculating the quantity of LSD to be used in determining a defendant's offense level and guideline range. The district court initially granted the motion and referred the case to the Probation Office to recalculate the sentencing range in accordance with the revised guideline provision; however, the court then changed its ruling and denied the motion after the Probation Office reported that the new guideline could not be applied retroactively to Pardue because he was subject to a statutory mandatory minimum incarceration of ten years. Pardue timely appealed the district court's denial of his motion.

II

ANALYSIS

Pardue argues that (1) the district court committed reversible error when it held that the mandatory minimum contained in 21 U.S.C. § 841 overrode the amendment to § 2D1.1 of the Guidelines; (2) this ruling violated his right to due process; (3) the rule of lenity should govern because the provisions of § 2D1.1 and § 841 are ambiguous; and (4) the mandatory minimum of § 841 constitutes cruel and unusual punishment in light of the amendment to § 2D1.1.

Section 3582(c)(2) provides that

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The decision to reduce a sentence under § 3582(c)(2) is discretionary. *United States v. Shaw,* 30 F.3d 26, 28 (5th Cir.1994). We therefore review challenges for abuse of discretion.

A § 3582(c)(2) motion applies only to guideline amendments that operate retroactively, as listed in the policy statement, U.S.S.G. § 1B1.10(d). *United States v. Miller,* 903 F.2d 341, 349 (5th Cir.1990). The amendment to § 2D1.1(c) regarding the calculation of the quantity of LSD (Amendment 488) is one of the guideline amendments that operates retroactively according to that policy statement. U.S.S.G. § 1B1.10(d), p.s.

The amendment to § 2D1.1 provides that

[i]n the case of LSD on a carrier medium (*e.g.,* a sheet of blotter paper), do not use the weight of the LSD/carrier medium. Instead, treat each dose of LSD on the carrier medium as equal to 0.4 mg of LSD for the purposes of the Drug Quantity Table.

U.S.S.G. § 2D1.1(c); U.S.S.G.App. C, amend. 488. Pardue argues that the district court should have reduced his sentence to fall within the guideline range produced by using this method of calculation. The district court held that it could not reduce Pardue's sen-

tence—which, at 120 months, was already at the mandatory minimum of ten years—below the mandatory minimum.

This is an issue of first impression in our circuit. We conclude that the district court's ruling is correct based on a logical reading of the policy statement to § 2D1.1(c). This policy statement provides that the new approach to calculating the amount of LSD "does not override the applicability of 'mixture or substance' for the purpose of applying any mandatory minimum sentence (*see Chapman;* § 5G1.1(b))." U.S.S.G. § 2D1.1, comment. (backg'd.). The *Chapman* citation refers to *Chapman v. United States,* 500 U.S. 453, 460–62, 111 S.Ct. 1919, 1925, 114 L.Ed.2d 524 (1991), in which the Supreme Court held that the term "mixture or substance" in 21 U.S.C. § 841(b) required the weight of the carrier medium for LSD to be included for purposes of determining the mandatory minimum sentence. The citation to § 5G1.1(b) refers to the sentencing guideline provision which states that, if the statutorily required mandatory minimum is greater than the upper end of the guideline range, the mandatory minimum becomes the guideline sentence.

A common sense interpretation of this policy statement leads to the inescapable conclusion that the mandatory minimum of § 841, calculated according to *Chapman,* overrides the retroactive application of the new guideline. We take additional comfort in the fact that two other circuits have reached this same conclusion. *See United States v. Dimeo,* 28 F.3d 240 (1st Cir.1994); *United States v. Boot,* 25 F.3d 52, 53 (1st Cir.1994); *United States v. Mueller,* 27 F.3d 494, 495–97 (10th Cir.1994).

Pardue's other arguments, advancing issues of due process, cruel and unusual punishment, and the application of the rule of lenity, are raised for the first time on appeal. We need not and therefore do not consider these issues first raised on appeal, but note in passing that similar arguments were considered and rejected by the two circuits cited above.

AFFIRMED.