59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Harold LASTER, Defendant-Appellant.
 No. 95-6015.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Billy Harold Laster filed a motion to modify his term of imprisonment pursuant to 18 U.S.C. 3582(c)(2). The district court denied the motion, and we affirm.
 
 
 3
 Mr. Laster pled guilty to possession with intent to distribute cocaine in 1990. A previous conviction for driving while intoxicated placed him in the criminal history category of I. After the appropriate reduction for acceptance of responsibility, he was sentenced to the minimum term of 97 months imprisonment with a three year term of supervised release, and a $50 special assessment. We subsequently affirmed his conviction and sentence. United States v. Laster, 958 F.2d 315 (10th Cir.), cert. denied, 113 S.Ct. 147 (1992).
 
 
 4
 Mr. Laster filed this motion pursuant to section 3582(c)(2) asserting that amended commentary to U.S.S.G. 4B1.1 (Amendment 506), which is made retroactive by U.S.S.G. 1B1.10, entitles him to a sentence modification. We review the district court's denial of this motion for an abuse of discretion. See United States v. Pardue, 36 F.3d 429, 430 (5th Cir.1994) (per curiam), cert. denied, 115 S.Ct. 1969 (1995).
 
 
 5
 Section 4B1.1 provides the criteria for classification as a career offender under the guidelines and outlines the effect career offender status will have on the overall sentencing. The guideline provides:
 
 
 6
 A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.
 
 
 7
 U.S.S.G. 4B1.1. The guideline establishes varying offense levels dependant upon the "Offense Statutory Maximum." Id. Amendment 506 defines "Offense Statutory Maximum" as
 
 
 8
 the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's prior criminal record....
 
 
 9
 U.S.S.G. 4B1.1, comment. n. 2.
 
 
 10
 We fail to see how Amendment 506, which pertains to the career offender provisions, impacts the sentence of Mr. Laster, who is not a career offender. Mr. Laster claims that he is a "repeat offender with a history of substance abuse ... [who] has been arrested three times for substance abuse with only one conviction." Aplt. Br. at 2. His self-proclaimed status as a "repeat offender," however, does not make him a "career offender" for purposes of the guidelines, nor was he sentenced pursuant to the career offender provisions of U.S.S.G. 4B1.1. In fact, his previous conviction had no effect at all on his sentence because his criminal history category of I was the same as it would have been without any previous convictions, and the court sentenced him to the guideline range minimum.
 
 
 11
 Amendment 506 simply does not impact Mr. Laster's sentence. We AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470