81 F.3d 161
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael T. MAY, Defendant-Appellant.
 No. 95-1535.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1996.
 
 Before: JONES, BOGGS and COLE, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion for modification of sentence filed pursuant to 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Michael Terrod May was tried to a jury and found guilty of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and using a firearm during and in relation to a felony drug offense in violation of 18 U.S.C. § 924(c). The district court sentenced May to 151 months in prison for distributing cocaine and 60 months in prison, to be served consecutively, for using a firearm. May appealed and this court concluded that the district court erred in finding that May was accountable for fifty grams of cocaine. United States v. Lewis, Nos. 90-1786/99, 1991 WL 37790 (6th Cir. March 20, 1991). The case was remanded to the district court for resentencing. Upon remand, the district court sentenced May to 97 months and 60 months consecutively. The court also sentenced May to five years of supervised release.
 
 
 3
 In his motion for modification of his sentence, May claimed that his sentence should have been changed because the relevant conduct section (not considering the conduct of others before a defendant joins the conspiracy) had been changed. The government argued that the amendment upon which May relied was not retroactive. The district court agreed with the government and denied May's motion. May appeals that judgment.
 
 
 4
 The court reviews a judgment denying a § 3582(c)(2) motion for abuse of discretion. United States v. Pardue, 36 F.3d 429, 430 (5th Cir.1994), cert. denied, 115 S.Ct. 1969 (1995). The court reviews findings of fact in a § 3582(c)(2) motion for clear error. United States v. Mimms, 43 F.3d 217, 220 (5th Cir.1995).
 
 
 5
 The district court properly concluded that it lacked authority to apply the guidelines retroactively. May claims that the district court should reduce his base offense level under USSG § 2D1.1(a)(3) pursuant to a guideline amendment. May argues that the relevant conduct definition in the guidelines has been changed, excluding conduct which occurred before a defendant joined a conspiracy (Amendment 503 to the Sentencing Guidelines). May asserts that he is entitled to a downward modification of his sentence because application of Amendment 503 would result in a lower guideline range for his offense. Amendment 503 adds a paragraph to the Commentary of § 1B1.3 Application Notes. The amendment provides that:
 
 
 6
 A defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct (e.g., in the case of a defendant who joins an ongoing drug distribution conspiracy knowing that it had been selling two kilograms of cocaine per week, the cocaine sold prior to the defendant joining the conspiracy is not included as relevant conduct in determining the defendant's offense level). The Commission does not foreclose the possibility that there may be some unusual set of circumstances in which the exclusion of such conduct may not adequately reflect the defendant's culpability; in such a case, an upward departure may be warranted.
 
 
 7
 (See Appendix C. to the Guidelines Manual, p. 405 of the 1994 version).
 
 
 8
 The district court properly concluded that it lacked the authority pursuant to 18 U.S.C. § 3582(c)(2) to apply the new guidelines retroactively as such would be contrary to the policy statements of the Sentencing Commission. Title 18 U.S.C. § 3582(c)(2) permits a district court, upon a motion for modification, to reduce a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. However, § 3582(c)(2) provides that a district court may grant a sentence reduction "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." USSG § 1B1.10(c), p.s. (Nov. 1994) sets forth the amendments to the guidelines that are to be applied retroactively for purposes of 18 U.S.C. § 3582(c)(2). USSG § 1B1.10(a), p.s. explicitly provides that retroactive application of any guideline other than those listed in § 1B1.10(c), p.s. is not consistent with the policy statement. The Commission did not include Amendment 503 on the list of Amendments to which it gave retroactive application. Thus, the new guidelines cannot be applied retroactively.
 
 
 9
 In addition, May has not shown that Amendment 503 would have had any effect on his sentence, even if the amendment were retroactive. A defendant is accountable for quantities of drugs distributed by a co-conspirator if such amounts are reasonably foreseeable to the defendant. United States v. Lloyd, 10 F.3d 1197, 1219 (6th Cir.), cert. denied, 114 S.Ct. 1569 (1994). On direct appeal, this court concluded that it was reasonable to infer that May knew that he was transporting cocaine when he drove for his co-conspirator (Handy). Thus, the district court, upon resentencing, limited the relevant conduct to those occasions when May was present with a co-conspirator. Therefore, May was not held accountable for drugs that were distributed before he became involved in the conspiracy and Amendment 503 does not affect his sentence.
 
 
 10
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.