No. 96-2348

United States of America,    *
                             *
            Appellee,        *
                             *  Appeal from the United States
       v.                    *  District Court for the
                             *  District of Minnesota.
Robert Dean Campbell,        *
                             *       [UNPUBLISHED]
            Appellant.       *


                    Submitted:  October 31, 1996

                       Filed:  November 8, 1996


Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

     Robert Dean Campbell appeals the sentence the district court[1] imposed pursuant to 18 U.S.C. § 3582(c)(2) following remand from this court.  We affirm.

     Campbell pleaded guilty to conspiring to manufacture and possess marijuana with intent to distribute.  For sentencing purposes, Campbell stipulated his criminal activity involved 510 marijuana plants.  The district court, applying a ratio of one kilogram per plant as it was then required to do, see U.S.S.G. § 2D1.1(c)(6) (Nov. 1994), found Campbell was accountable for 510 kilograms of marijuana; calculated a Guidelines range of 57 to 71 months; found Campbell qualified for a sentence less than the

_____

     [1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

applicable mandatory minimum 60-month sentence, see U.S.S.G. § 5C1.2; and sentenced Campbell to 57 months imprisonment.

Campbell appealed and we remanded to permit the district court to determine if Campbell was entitled to a reduction in his sentence under section 3582(c)(2) based on a retroactive Guidelines amendment to section 2D1.1(c) (Amendment 516), which was enacted after the district court sentenced Campbell and which replaced the one-kilogram-per-plant ratio with a ratio of 100 grams per plant. United States v. Campbell, No. 95-2464, slip op. at 1-3 (8th Cir. Mar. 11, 1996) (unpublished per curiam). On remand, Campbell noted that when he was arrested, he had harvested all but 29 of the 510 marijuana plants. Campbell argued that the court should use the 100-grams-per-plant ratio for the 29 unharvested plants and the actual weight of the harvested plants, which he asserted was 84.1 grams, and thus hold him accountable for roughly 2.98 kilograms of marijuana. The government responded that the district court lacked jurisdiction under section 3582(c)(2) to make new findings as to the weight of the marijuana.

The district court, after determining that Amendment 516 should apply retroactively, concluded that section 3582(c)(2) did not authorize it to recalculate the weight of the marijuana using the method Campbell advocated. In any event, the court said that if it did have the authority, it would reach the same result. Thus, the court found Campbell was accountable for 51 kilograms of marijuana, which produced a Guidelines range of 24 to 30 months, and sentenced him to 24 months imprisonment. Campbell appeals.

We need not decide whether this court's remand or section 3582(c)(2) permitted the district court to recalculate the weight of the marijuana, because Campbell was not entitled to have his Guidelines range determined by combining the actual weight of the harvested marijuana with the 2.9 kilograms assigned to the unharvested plants. See United States v. Wilson, 49 F.3d 406, 410

(8th Cir.) (rejecting argument that "plant count to weight conversion of § 2D1.1(c)" applied only to live plants, and holding that where evidence shows defendant was involved in planting, cultivating, and harvesting marijuana, application of "conversion" is appropriate), cert. denied, 116 S. Ct. 384 (1995). Thus, we conclude the district court correctly calculated the weight of the marijuana and did not abuse its discretion in reducing Campbell's sentence from 57 months to 24 months. See United States v. Pardue, 36 F.3d 429, 430 (5th Cir. 1994) (per curiam) (standard of review), cert. denied, 115 S. Ct. 1969 (1995).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-