107 F.3d 872
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dozie McKee MELVIN III, Defendant-Appellant.
 No. 96-5390.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1997.
 
 Before: MERRITT, RYAN, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Dozie McKee Melvin III appeals a district court order denying his motion for reduction of sentence filed pursuant to 18 U.S.C. § 3582(c). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, a jury convicted Melvin of distributing cocaine base in violation of 21 U.S.C. § 841, possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(b)(1), and conspiring to distribute cocaine base in violation of 21 U.S.C. § 846. The district court sentenced Melvin to 400 months of imprisonment. On appeal, this court affirmed his conviction and sentence. United States v. Cutwright, Nos. 92-5854, etc., 1994 WL 43444 (6th Cir. Feb. 14, 1994), cert. denied, 114 S.Ct. 1860 and 2753 and 115 S.Ct. 225 and 238 (1994).
 
 
 3
 In 1995, Melvin filed a motion for reduction of sentence, alleging that he was entitled to a lesser sentence under a retroactive amendment to the drug quantity table of the Sentencing Guidelines. While the district court determined that the retroactive amendment did result in a lower total offense level for Melvin, his guideline range nonetheless remained the same. Consequently, the court denied his motion. Melvin has filed a timely appeal.
 
 
 4
 Initially, we note that, despite the government's argument, the district court had jurisdiction to consider Melvin's motion because a retroactive amendment to the Guidelines undisputedly applied to Melvin's sentence.
 
 
 5
 Upon review, we conclude that the district court properly denied Melvin's motion for reduction of sentence. This court reviews a district court's order denying a § 3582(c) motion for an abuse of discretion. United States v. Pardue, 36 F.3d 429, 430 (5th Cir.1994), cert. denied, 115 S.Ct. 1969 (1995). This court reviews the district court's findings of fact in a § 3582(c) motion for clear error. United States v. Mimms, 43 F.3d 217, 220 (5th Cir.1995).
 
 
 6
 Melvin's argument that he should have received a reduction in his sentence is without merit. Pursuant to the drug quantity table set forth in USSG § 2D1.1(a)(3), Melvin's original base offense level was forty. After two points were added for his possession of a dangerous weapon under USSG § 2D1.1(b)(1), his total offense level was forty-two. With a criminal history category of IV, Melvin's resulting guideline range was three-hundred and sixty (360) months to life imprisonment. The district court's sentence of four-hundred (400) months fell within that guideline range. The drug quantity table was subsequently amended to provide that the highest base offense level was thirty-eight, see USSG Appendix C, Amendment 505, and this amendment applies retroactively. See USSG § 1B1.10. Consequently, Melvin's new base offense level is thirty-eight. With the two-point enhancement for possession of a firearm pursuant to § 2D1.1(b)(1), Melvin's new total offense level is forty. A total offense level of forty and a criminal history category of IV results in the same guideline range of three-hundred and sixty (360) months to life imprisonment. Since the retroactive amendment to the drug quantity table did not change Melvin's guideline range, the district court properly declined to reduce his sentence.
 
 
 7
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.