**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

---

No. 96-50613

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ERIC ALAN GIACOMEL,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas

(SA-92-CR-223-1)

---

February 5, 1997

Before WISDOM, KING, and SMITH, Circuit Judges.

PER CURIAM:*

    Eric Alan Giacomel appeals the district court's denial of his motion for reduction of sentence under 18 U.S.C. § 3582 (c)(2). Giacomel argues that, because the Government moved for downward

---

    *Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

departure, the district court abused its discretion in determining that Giacomel was nonetheless subject to a statutory ten-year minimum sentence for his offense. Giacomel also argues that the district court abused its discretion in refusing to apply the newly amended "safety valve" provisions of 18 U.S.C. §3553(f), and its implementing guideline §5C1.2, in the context of a motion for sentence reduction under §3582(c)(2).

We have reviewed the record and the briefs of the parties and find no abuse of discretion. It is clear that the United States did not move for nor authorize a downward departure from the minimum sentence. Under the recent Supreme Court decision in Melendez v. United States[1], the district court had no discretion to depart downward. In any event, because it is clear from the record that the district court would have imposed the same sentence irrespective of the statutory minimum, no remand is necessary.[2] Giacomel is not entitled to a reduction in his sentence under §5C1.2 because Amendment 509, which implemented §5C1.2, was not designed for retroactive application,[3] and, in any event, the mandatory minimum sentence for a violation of 21 U.S.C. 841

---

[1]    116 S.Ct. 2057 (1996).

[2]    See *Williams v. United States*, 503 U.S. 193, 201-03 (1992) (Holding that remand is not required [i]f the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor").

[3]    See *United States v. Drath*, 89 F.3d 216, 217-18 (5th Cir. 1996).

2

overrides any retroactive application of a guideline amendment.[4]

AFFIRMED.

---

   [4]   See *United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 1969 (1995).