UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellant,*

v.

No. 00-4179

LACY LEE MELVIN,
    *Defendant-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-89-391-JFM)

Argued: September 28, 2000

Decided: January 23, 2001

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Andrea L. Smith, Assistant United States Attorney, Baltimore, Maryland, for Appellant. Fred Warren Bennett, BENNETT & NATHANS, L.L.P., Greenbelt, Maryland, for Appellee. **ON BRIEF:** Lynne A. Battaglia, United States Attorney, Greenbelt, Maryland, for Appellant. Michael E. Lawlor, BENNETT & NATHANS, L.L.P., Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

The Government appeals an order of the district court granting Lacy Lee Melvin's motion for a reduced sentence pursuant to 18 U.S.C.A. § 3582(c)(2) (West 2000). Because we conclude that § 3582(c)(2) did not authorize the action of the district court on the facts before it, we vacate the order and remand with instructions to reinstate Melvin's original sentence.

I.

Melvin was convicted by a jury in 1990 of conspiracy to possess with the intent to distribute cocaine and heroin, *see* 21 U.S.C.A. § 846 (West 1999), and distribution of cocaine, *see* 21 U.S.C.A. § 841(a)(1) (West 1999). The district court calculated Melvin's sentence using the base offense level recommended in the presentence report (PSR). The PSR had arrived at a base offense level by attributing to Melvin the quantity of narcotics attributable to the conspiracy as a whole. *See U.S. Sentencing Guidelines Manual* § 1B1.3(a) (Oct. 1988). Melvin did not object to the drug quantity determination, and indeed there was no discussion of it at the sentencing hearing. Thus, neither the PSR nor the sentencing court considered whether the quantity of narcotics attributed to Melvin was reasonably foreseeable to him. *See id.* comment. (n.1) (providing that relevant conduct for a defendant convicted of conspiracy includes "conduct in furtherance of the conspiracy that was known to or was reasonably foreseeable by the defendant"). Melvin was sentenced to 188 months imprisonment.

In a consolidated direct appeal, three of Melvin's codefendants successfully argued that their sentences had not been based on the quantity of narcotics reasonably foreseeable to them within the scope of their participation in the conspiracy. *See United States v. Arrington*, 979 F.2d 849, 1992 WL 344753, at **2 (4th Cir. 1992) (per curiam)

(unpublished table decision). Melvin presented the same argument, but we determined that he had not properly preserved the issue for appellate review. *See id.* at **2 n.2. We then stated that even if Melvin had preserved the issue, the drug quantity determination was not clearly erroneous. *See id.*

While Melvin's direct appeal was pending, Amendment 439 to the Sentencing Guidelines became effective. *See* U.S.S.G. App. C, amend. 439 (1997). Amendment 439 altered the text of U.S.S.G. § 1B1.3(a) to provide that relevant conduct for a defendant convicted of conspiracy includes only the acts or omissions of coconspirators that were reasonably foreseeable to the defendant. *See id.* Prior to Amendment 439, this point was made in the first Application Note to § 1B1.3; the amendment merely moved the "reasonable foreseeability" requirement into the text of the guideline. *See id.*

In July 1998, Melvin moved for a sentence reduction pursuant to § 3582(c)(2), arguing that he should gain the benefit of Amendment 439 and thus should be resentenced based on the quantity of narcotics reasonably foreseeable to him within the scope of his participation in the conspiracy. The district court denied the motion. On appeal, we determined that Amendment 439 was a clarifying amendment that took effect while Melvin's appeal was pending but nevertheless affirmed on the basis that application of the amendment would make no difference to Melvin's sentence. *See United States v. Melvin*, 188 F.3d 504, 1999 WL 631245, at **1 (4th Cir. 1999) (per curiam) (unpublished table decision).

Thereafter, in September 1999, Melvin again moved for a sentence reduction pursuant to § 3582(c)(2). He argued for resentencing on the bases that we had determined that Amendment 439 should be applied retroactively to him and that he had in fact not been sentenced based on reasonably foreseeable conduct.

The district court granted Melvin's motion. The district court agreed with Melvin that "the sentencing transcript clearly indicates that this court, when sentencing [Melvin], did not make the appropriate findings as to his relevant conduct pursuant to U.S.S.G. § 1B1.3." J.A. 114. Although the district court acknowledged that Melvin had not raised the issue at sentencing, it concluded that it had had an inde-

pendent duty to determine whether the quantity of narcotics attributed to Melvin was reliable but had failed to do so. The district court acknowledged that "'the mandate of a higher court is controlling as to matters within its compass,'" *id.* at 113 (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993)), but concluded that an exception to this rule applied because a blatant error had resulted in a serious injustice to Melvin, *see United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993).[1]

The Government appeals, arguing primarily that the district court lacked authority to grant Melvin's § 3582(c)(2) motion because Melvin had waived the drug quantity issue and because we had twice affirmed his original sentence. It also suggests that § 3582(c)(2) did not give the district court the authority to reduce Melvin's sentence. We need address only the latter contention.

II.

Generally, we review the grant or denial of a § 3582(c)(2) motion for abuse of discretion. *See United States v. Pardue*, 36 F.3d 429, 430 (5th Cir. 1994) (per curiam). However, whether the district court possessed authority to grant Melvin's § 3582(c)(2) motion is a question of law reviewed de novo. *See United States v. Smith*, 115 F.3d 241, 244 (4th Cir. 1997). We conclude that the district court did not possess such authority here.

It is clear from our decision in *United States v. Capers*, 61 F.3d 1100 (4th Cir. 1995), that Melvin could have received the benefit of Amendment 439 on direct appeal. *See Capers*, 61 F.3d at 1109-10. We were not previously called upon to determine whether he could gain the benefit of Amendment 439 by moving for a sentence reduction under § 3582(c)(2), however, because we concluded on Melvin's last appeal that Amendment 439 would have no effect on his sentence. *See Melvin*, 1999 WL 631245, at **1. We are now squarely

---

[1]The district court subsequently held a resentencing hearing at which it determined that Melvin was criminally responsible for between 15 and 50 kilograms of cocaine and lowered Melvin's sentence to 160 months imprisonment. Neither party has appealed Melvin's new sentence.

presented with this issue and conclude that § 3582(c)(2) did not pro-
vide the district court with the authority to reduce Melvin's sentence.

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a
> term of imprisonment based on a sentencing range that has
> subsequently been lowered by the Sentencing Commission
> . . . the court may reduce the term of imprisonment . . . if
> such a reduction is consistent with applicable policy state-
> ments issued by the Sentencing Commission.

The text of this provision clearly indicates that in order for a district
court to invoke § 3582(c)(2) to reduce a sentence, the defendant's
sentencing range must have been lowered by the Sentencing Commis-
sion and the contemplated sentence reduction must be "consistent
with applicable policy statements issued by the Sentencing Commis-
sion." *Id.* Amendment 439 did not lower a sentencing range but rather
clarified the scope of relevant conduct. Further, the relevant policy
statement, U.S.S.G. § 1B1.10, does not include Amendment 439
among those amendments that the Sentencing Commission has deter-
mined should be applied retroactively. *See* U.S.S.G. § 1B1.10(c), p.s.
(1998); *United States v. Vazquez*, 53 F.3d 1216, 1227 (11th Cir.
1995). Therefore, there is no authority to grant a § 3582(c)(2) motion
on the basis of Amendment 439. *See* U.S.S.G. § 1B1.10(a), p.s.

Melvin defends the action of the district court, asserting that the All
Writs Act, 28 U.S.C.A. § 1651 (West 1994), conferred authority on
the district court to reduce his sentence. We disagree, because there
are statutes, such as § 3582(c)(2) and 28 U.S.C.A. § 2555 (West
Supp. 2000), that specifically provide for the remedy sought by Melvin.[2]

---

[2]Melvin also asserts that the district court possessed the authority to
reduce his sentence because, by analogy to the § 2255 context, he is "ac-
tually innocent" of the original sentence. However, even assuming that
the analogy drawn by Melvin is an appropriate one, the actual innocence
exception to procedural default is not available for mere misapplication
of the guidelines. *See United States v. Mikalajunas*, 186 F.3d 490, 494-
95 (4th Cir. 1999) (holding that actual innocence of noncapital sentence
is limited to eligibility for sentencing as a career or habitual offender),
*cert. denied*, 120 S. Ct. 1283 (2000).

*See Pennsylvania Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985) (stating that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling").

## III.

In sum, we conclude that the district court lacked authority to grant a sentence reduction pursuant to § 3582(c)(2) based on the retroactive application of Amendment 439 several years after the completion of Melvin's direct appeal. We therefore vacate the order of the district court and remand with instructions for the district court to reinstate Melvin's original sentence.

*VACATED AND REMANDED*