IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50727
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY RAY FITZGERALD,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-94-CR-190-ALL-SS
--------------------
March 1, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Billy Ray Fitzgerald appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 210-month prison sentence for possessing more than five grams of cocaine base. The district court may modify a defendant's term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews the district court's determination whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. *See United States v. Pardue*, 36 F.3d 429, 430 (5th Cir. 1994).

On appeal, Fitzgerald renews his claims that his sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and that the sentencing court erred in converting a sum of cash into drugs for its drug quantity determination. Fitzgerald, however, has not identified any amendment to the Sentencing Guidelines with regard to either of these claims. The district court thus lacked authority to reduce Fitzgerald's sentence pursuant to 18 U.S.C. § 3582(c)(2). *See United States v. Lopez*, 26 F.3d 512, 515 & n.3 (5th Cir. 1994).

Fitzgerald also argues for the first time on appeal that the sentencing court did not follow the requirements of FED. R. CRIM. P. 32 in addressing his objections to the presentence report and in making erroneous factual findings at sentencing; the Government failed to give notice of its intention to enhance his sentence based on prior convictions; the Government failed to demonstrate that he possessed "crack" as defined in U.S.S.G. § 2D1.1(c), as amended by Amendment 487; and the trial court failed to instruct the jury on the lesser included offense of simple possession. Because Fitzgerald did not assert these claims in the district court, this court will not consider them. *See Pardue*, 36 F.3d at 431.

Because the district court did not abuse its discretion in denying Fitzgerald's 18 U.S.C. § 3582(c)(2) motion, the judgment of the district court is AFFIRMED. *See id.* at 430.