**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Arnell L. ISBELL, Defendant–Appellant.**

**No. 02–5146.**

United States Court of Appeals, Sixth Circuit.

Sept. 25, 2002.

Before KENNEDY and MOORE, Circuit Judges; DOWD, District Judge.*

*ORDER*

Arnell L. Isbell, pro se, moves for in forma pauperis status on appeal from a district court order denying his motion to correct his sentence filed presumably pursuant to 18 U.S.C. § 3582(c). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 13, 2000, Isbell, and co-defendant Tyreese Pointer, were arrested by DEA agents after they attempted to purchase seven kilograms of cocaine in a reverse sting operation. A federal indictment was thereafter returned against Isbell, Pointer and another individual (Clark Samuels), charging them with conspiracy

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

to possess with intent to distribute seven kilograms of cocaine in violation of 21 U.S.C. § 846 (Count 1), aiding and abetting and attempting to possess with intent to distribute seven kilograms of cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count 2), and aiding and abetting and travel in interstate commerce to facilitate unlawful activity in violation of 18 U.S.C. §§ 2 and 1952(a)(3).

Each of the defendants entered not guilty pleas. However, co-defendant Pointer ultimately changed his plea and pleaded guilty to Count 1 of the indictment. Isbell and Samuels proceeded to trial on July 10, 2000. On July 13, 2000, the jury found Isbell guilty on all counts of the indictment. Isbell was ultimately sentenced to a 78–month term of imprisonment. Isbell appealed his conviction and sentence to this court, but voluntarily dismissed that appeal.

In his motion to correct sentence, Isbell argues that the district court erred when it refused to grant him a reduction under USSG § 5C1.2, known as the safety valve provision. The district court denied Isbell's motion to correct sentence after concluding that Isbell procedurally defaulted his claim. This appeal followed.

Review is under the abuse of discretion standard. *See United States v. Pardue,* 36 F.3d 429, 430 (5th Cir.1994). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. *See Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). A court abuses its discretion when it relies on clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard. *Id.*

Upon review, we conclude that the district court did not abuse its discretion when it dismissed Isbell's motion to correct sentence. Isbell has procedurally defaulted his claim. The Supreme Court has held that where a defendant failed to properly raise his claim on direct review, he cannot obtain collateral review until he establishes both cause for the default and actual prejudice resulting from the alleged error. *See United States v. Frady,* 456 U.S. 152, 167, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). As the district court correctly stated in its January 17, 2002, order, Isbell has not offered any reason as to why he dismissed his direct appeal. Thus, he has not met his burden of pursuing collateral review of the district court's refusal to grant him a reduction in his sentence pursuant to the safety valve provision.

Accordingly, the motion to proceed on appeal in forma pauperis is granted for the limited purpose of deciding the merits of this appeal, and the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.