United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 05-10197
Conference Calendar

—————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HECTOR CAMPOZANO-TIERRABLANCA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CR-384-ALL-M
--------------------

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

    Hector Campozano-Tierrablanca (Campozano), federal prisoner # 13416-035, was convicted of illegal reentry by an alien following deportation, in violation of 8 U.S.C. § 1326. He now appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. Campozano argues that Amendment 632 to the United States Sentencing Guidelines should be applied retroactively to his case and that he should receive a reduction based on the retroactive provisions. He also argues for the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

first time on appeal that consideration of his prior convictions in the imposition of his sentence violated his Sixth Amendment right to a jury trial, and he cites the decision of United States v. Booker, 125 S. Ct. 738 (2005), as support for this argument.

This court reviews the denial of a 18 U.S.C. § 3582(c)(2) motion for abuse of discretion. United States v. Pardue, 36 F.3d 429 (5th Cir. 1994). Amendment 632 became effective on November 1, 2001, prior to the imposition of Campozano's sentence. He is not entitled to relief under § 3582, and the district court did not abuse its discretion in denying the motion.

Campozano's argument that his sentence is unconstitutional under Booker is raised for the first time on appeal. This court generally will not consider new theories of relief raised for the first time on appeal absent exceptional circumstances. Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). In any case, Campozano's Booker argument is not cognizable in the context of an 18 U.S.C. § 3582(c)(2) motion because it is not based on a retroactive amendment to the Guidelines. See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994).

AFFIRMED.