United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-20886
Conference Calendar

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CARLOS ALEGRIA-MORENO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:89-CR-394-4
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Carlos Alegria-Moreno (Alegria), federal prisoner # 51120-079, appeals the denial of his 18 U.S.C. § 3582(c) motion to reduce sentence.  The district court's ruling is reviewed for an abuse of discretion.  <u>United States v. Pardue</u>, 36 F.3d 429, 430 (5th Cir. 1994).

    Alegria argues that the district court abused its discretion in denying his motion, asserting that, pursuant to retroactive Amendment 484 to U.S.S.G. § 2D1.1, packing materials must be

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

excluded from calculating drug quantities for sentencing purposes. He conclusionally states that the 163 kilograms of cocaine attributed to him in the PSR included 12.6 kilograms of duct tape and packaging and that, without those wrappings, he would have been held responsible for only 150 kilograms of cocaine, which would have reduced his total offense level and removed the possibility of a life sentence.

Even prior to Amendment 484, packaging materials were not to be included when determining the amount of drugs attributable to a defendant for sentencing purposes. See, e.g., Chapman v. United States, 500 U.S. 453, 463 (1991). Because Alegria could have raised his argument on direct appeal, it is not cognizable under § 3582(c)(2). See United States v. Shaw, 30 F.3d 26, 29 (5th Cir. 1994). The district court did not abuse its discretion in denying Alegria's motion. Accordingly, its judgment is AFFIRMED.