# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-20092
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 6, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE HELI-MEJIA,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:91-CR-176-4

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Jose Heli-Mejia, federal prisoner # 37528-004, has appealed the district court's order denying his motion for reduction of his sentence based on retroactive application of Amendment 591 of the Sentencing Guidelines. We pretermit the question whether Heli-Mejia's notice of appeal was timely filed. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court may modify an imprisonment term when a defendant has been sentenced based on a sentencing range that has subsequently been lowered. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(c). This court reviews the denial of a § 3582 motion for an abuse of discretion. United States v. Pardue, 36 F.3d 429, 430 (5th Cir. 1994).

Heli-Mejia contends that his sentence should be reduced because of the adoption of Amendment 591 to the Sentencing Guidelines; he invokes Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), and reiterates the arguments asserted in the district court with respect to the determination of his base offense level.

Amendment 591 does not lower the guidelines range applicable to Heli-Mejia. See U.S.S.G. App. C, Vol. II, Amend. 591. Amendment 591 does not apply to the determination of base (or specific) offense levels within the applicable offense guideline section or to any consideration of relevant conduct. See id. Amendment 591 makes clear that the sentencing court should determine the applicable offense guideline section in Chapter Two of the Sentencing Guidelines based only upon the offense charged in the indictment for which the defendant was convicted (or upon an offense stipulated as part of a plea agreement), assisted by the Statutory Index. Id.; see U.S.S.G. § 1B1.2(a) & comment. (n.1). Because Heli-Mejia was charged with and convicted of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 846, § 2D1.1 is the applicable offense guideline section. See U.S.S.G. App. A (Statutory Index) (1991); U.S.S.G. § 2D1.4 (1991). Heli-Mejia's offense level was determined under § 2D1.1. The district court did not abuse its discretion in denying Heli-Mejia's § 3582(c) motion. The appeal is

DISMISSED AS FRIVOLOUS.