# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-20116
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VICTOR LAPORTER REECE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:99-CR-7-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Victor Laporter Reece, federal prisoner # 83295-079, is appealing the district court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Reece was convicted following a guilty plea to possession with intent to distribute 50 grams or more of cocaine base (crack). He was sentenced, pursuant to 21 U.S.C. § 851(a)(1), to an enhanced sentence of 240 months.

Reece argues that the district court erred in not reducing his sentence based on Amendment 706, which decreased by two-levels the base offense level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for crack cocaine offenses. He contends that in light of United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 128 S. Ct. 558 (2007), the district court had the discretion under the advisory Guidelines to reduce his sentence pursuant to the amendment and to depart even below the sentencing guidelines range resulting from the amendment.

The Government filed a motion for summary affirmance, arguing that Reece was sentenced to the mandatory minimum statutory penalty and that the amendment could not affect Reece's sentence.

Pursuant to § 3582(c)(2), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. § 3582(c)(2). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement; § 1B1.10(a). See United States v. Shaw, 30 F.3d 26, 28-29 (5th Cir. 1994). This court reviews a district court's refusal to lower a defendant's sentence under § 3582(c)(2) for abuse of discretion. Id. at 28.

Effective November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which modified the Guidelines ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. United States v. Burns, 526 F.3d 852, 861 (5th Cir. 2008). In general, the effect of Amendment 706 is to decrease by two levels the base offense levels for crack cocaine offenses. See U.S.S.G. § 2D1.1 (2007); U.S.S.G. Supp. to App'x C, Amend. 706. Amendment 706 has been made retroactive effective March 3, 2008. Burns, 526 F.3d at 861; § 1B1.10(c).

However, Reece's sentence cannot be reduced based on the amendment because he received the mandatory minimum statutory penalty. U.S.S.G. § 1B1.10, comment. (n.1(A)); see Kimbrough, 128 S. Ct. at 574; United States v. Gomez-Herrera, 523 F.3d 554, 559 (5th Cir. 2008). Because Reece had a prior felony drug conviction and the Government gave notice that it was seeking an enhanced penalty, Reece was subject, by statute, to the mandatory minimum

penalty of 20 years of imprisonment. 21 U.S.C. §§ 841(b)(1)((A), 851. A mandatory minimum statutory penalty overrides the retroactive application of a new guideline. See United States v. Pardue, 36 F.3d 429, 431 (5th Cir. 1994). Thus, the district court could not impose a sentence below the mandatory minimum sentence of 20 years. See United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995).

To the extent that Reece contends that he is entitled to a modification of his sentence pursuant to § 3582(c)(2) under Booker and Kimbrough, his argument is unavailing because Booker does not alter the rule that a district court cannot depart below a statutory minimum sentence in the absence of a motion by the Government for a reduced sentence based on the defendant's substantial assistance or unless the defendant meets the criteria of the safety valve provision, 18 U.S.C. § 3553(f). See United States v. Harper, 527 F.3d 396, 411 (5th Cir.), petition for cert. filed, (U.S. June 24, 2008) (No. 08-5037). Reece has not asserted that he falls under either exception.

The district court did not abuse its discretion in denying Reece's motion for a reduction of sentence. Shaw, 30 F.3d at 28. The Government's motion for summary affirmance is GRANTED, and its alternative motion for an extension of time to file a brief is DENIED.

AFFIRMED.