# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 17, 2011

Lyle W. Cayce
Clerk

No. 10-30899
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DANELLE HALL,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-243-5

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

In 2007, Danelle Hall, federal prisoner # 35171-177, pleaded guilty to distribution of five or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. Based on an enhancement pursuant to his previous guilty plea to possession of cocaine, Hall was sentenced to the statutory mandatory minimum of 120 months' imprisonment, pursuant to 21 U.S.C. §§ 841(b)(1)(B)(iii), 851.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30899

Proceeding *pro se*, Hall appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. He relies on: the retroactive amendments to the Sentencing Guidelines for crack-cocaine offenses; *United States v. Booker*, 543 U.S. 220 (2005), and its progeny; and the 2010 Fair Sentencing Act (FSA) (reduced disparity between crack and powder cocaine offenses), which, he contends, should apply retroactively.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases in which the sentencing range has been subsequently lowered by the Sentencing Commission. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion; its interpretation of the Guidelines, *de novo*. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Because Hall received the mandatory minimum sentence, he was not eligible for § 3582(c)(2) relief under the recent crack-cocaine Guideline amendments. 21 U.S.C. §§ 841(b)(1)(B), 851; *United States v. Pardue*, 36 F.3d 429, 430-31 (5th Cir. 1994). Hall's assertion that he is entitled to resentencing under the FSA is without merit: the FSA does *not* apply retroactively. *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011). To the extent Hall urges our court to consider the effect of *Booker* and its progeny, his contention is unavailing. The principles of *Booker* and its progeny do not apply to § 3582(c)(2) proceedings, and a sentencing court lacks discretion to reduce the sentence any further than the reduction allowed under Guideline § 1B1.10 (limits circumstances under which defendant is entitled to § 3582(c)(2) sentence reduction based on retroactive Guideline amendments). *Doublin*, 572 F.3d at 238.

AFFIRMED.