# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 10-31164
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 24, 2011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HENRY L. GREEN, also known as Squally,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 2:98-CR-20058-4

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Henry L. Green, federal prisoner # 09949-035, is serving a term of life imprisonment for his conviction of conspiring to possess with the intent to distribute cocaine base. Concurrently, he is serving two 360-month terms of imprisonment imposed for convictions of distributing cocaine base. Green appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his sentences based on amendments to U.S.S.G. § 2D1.1, the Sentencing Guideline for crack cocaine offenses.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997) (citing 18 U.S.C. § 3582(c)(2)). We review a district court's denial of a reduction under Section 3582(c)(2) for an abuse of discretion, its interpretation of the Guidelines *de novo*, and its findings of fact for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Green has not shown that the district court erred in determining that he was ineligible for a reduction of sentence. Green was sentenced for his conspiracy conviction under 21 U.S.C. § 841(b)(1)(A), which mandates a minimum term of life imprisonment for defendants with two or more prior felony drug convictions. Application of the amendments to the crack cocaine Guideline would not lower his advisory Sentencing Guidelines range of 360 months to life imprisonment for that offense. *See United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994). Application of the amendments also would not lower Green's advisory Sentencing Guidelines range for his distribution offenses. If the amendments reduced Green's offense level as calculated under Section 2D1.1 from 38 to 36, his career offender offense level of 37 would govern the sentencing calculation. U.S.S.G. § 4B1.1(b). With a criminal history category of VI, Green's sentencing range of 360 months to life imprisonment would remain unchanged.

If application of an amendment reduces a defendant's base offense level but does not alter the sentencing guideline range on which his sentence was based, Section 3582(c)(2) does not authorize a reduction in sentence. *Id.* § 1B1.10(a)(2)(B), p.s. Thus, the district court had no authority to reduce Green's sentences and no basis on which to consider whether to exercise its discretion to grant a sentence reduction. *Id.* § 1B1.10(a), p.s.

AFFIRMED.