# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 15, 2013

Lyle W. Cayce
Clerk

No. 12-30595
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AARON WAYNE SNEED, also known as Yung Time, also known as Aaron
Sneed,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-136-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Aaron Wayne Sneed appeals from the district court's denial of his motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Sneed was sentenced to a 120-month term of imprisonment in 2007 for possession with intent to distribute cocaine base. This was the statutory mandatory minimum term of imprisonment at the time of Sneed's sentencing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Sneed argues that the district court erred by failing to apply the Fair Sentencing Act (FSA), then use its discretion under 18 U.S.C. § 3553(a) to lower his sentence.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir.2009). A sentence reduction is not authorized if the amendments to the Guidelines "do[ ] not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." § 1B1.10, p.s., comment. (n.1(A)).

Sneed was sentenced in 2007, before the 2010 enactment of the FSA. The FSA does not apply retroactively to defendants sentenced before its effective date. *United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011). A mandatory minimum statutory penalty overrides the retroactive application of a new Guideline. *United States v. Pardue*, 36 F.3d 429, 431 (5th Cir.1994). Sneed's sentence of 120 months of imprisonment was statutorily mandated, and, thus, he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see Pardue*, 36 F.3d at 431.

AFFIRMED.