# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10026
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR GONZALEZ-RAMOS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-185-1

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Oscar Gonzalez-Ramos, federal prisoner # 38177-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. In denying the motion, the district court explained that it had previously reduced Gonzalez-Ramos's sentence based on Amendment 782 and that it could not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduce the sentence beyond the 120-month statutory minimum term of imprisonment set forth in 21 U.S.C. § 841(b)(1)(A).

Gonzalez-Ramos contends that the district court abused its discretion in denying his § 3582(c)(2) motion. He argues that the district court failed to consider and appropriately weigh the factors set forth in 18 U.S.C. § 3553(a) and that the 120-month sentence was procedurally and substantively unreasonable. According to Gonzalez-Ramos, he qualified for a sentence reduction under Amendment 782 and should have received a reduction to 97 months of imprisonment based on his status as a first-time, non-violent drug offender and his rehabilitative efforts while in prison.

The district court correctly determined that Gonzalez-Ramos was eligible for a sentence reduction under Amendment 782. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010). The district court also correctly concluded that it could not reduce Gonzalez-Ramos's sentence below the 120-month mandatory minimum term of imprisonment set forth in § 841(b)(1)(A). *See United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994). Accordingly, Gonzalez-Ramos has not shown that the district court abused its discretion in denying his § 3582(c)(2) motion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). The district court's judgment is AFFIRMED.