# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2010

No. 08-10271
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS LELAND FREEMAN, also known as Big Mark,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-68-8

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marcus Leland Freeman, federal prisoner # 29129-077, appeals from the district court's denial of his motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).  Freeman also moves for leave to file supplemental briefs and for appointment of counsel on appeal; those motions are denied.

On appeal, Freeman contends that the district court erred by failing to recalculate the amount of crack cocaine attributable to him.  He also argues that *Booker v. United States,* 543 U.S. 220 (2005), and *Kimbrough v. United States,*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

552 U.S. 85 (2007), should apply in § 3582(c)(2) proceedings, allowing district courts to impose sentences lower than the two-level adjustment contemplated by the crack cocaine guidelines amendments.

We review the district court's decision for abuse of discretion. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). District courts are limited to the reduction in a sentence allowed by the two-level decrease in a defendant's offense level; they may not depart downwardly from the resulting offense level. *United States v. Doublin*, 572 F.3d 235, 236 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009); *see also Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010) (holding that *Booker* does not apply to § 3582(c)(2) proceedings). Moreover, "[a] § 3582(c)(2) motion is not a second opportunity to present mitigating factors to the judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir. 1995). The district court thus did not abuse its discretion by declining to recalculate Freeman's drug quantity.

Moreover, because Freeman was sentenced to a mandatory term of life imprisonment, *see United States v. Freeman*, 164 F.3d 243, 251 (5th Cir. 1999), the crack cocaine guidelines amendments did not affect his sentencing range. *See United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994). Freeman was ineligible for an adjustment pursuant to § 3582(c)(2) as a matter of law.

Freeman contends that the district court should have ordered the preparation of a new presentence report and a new sentencing hearing. He also argues that the district court erred by failing to appoint counsel to represent him in his § 3582(c)(2) proceeding, and he requests that counsel be appointed to assist him on remand.

Because Freeman received a mandatory life sentence, he cannot demonstrate that the district court abused its discretion by denying a hearing to consider his challenges to the drug quantity determination or otherwise refusing to hold an evidentiary hearing on the § 3582(c)(2) motion. *See*

No. 08-10271

*Whitebird,* 55 F.3d at 1011.   Moreover, Freeman was not entitled to the appointment of counsel in his § 3582(c)(2) proceeding.  *See id.*  Because no remand is necessary, Freeman's request for appointment of counsel to represent him on remand is denied as moot.

AFFIRMED.  MOTIONS DENIED.