# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 14, 2012

Lyle W. Cayce
Clerk

No. 12-10022
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GEORGE WHITEHEAD. JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-11-1

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

George Whitehead, Jr., federal prisoner # 35653-177, is serving a term of life imprisonment for his conviction of possession of more than 50 grams of a mixture and substance containing a detectable amount of cocaine base with intent to distribute. Concurrently, he is serving a 120-month sentence for his conviction of being a felon in possession of a firearm. Whitehead appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

life sentence based on the retroactive amendments to U.S.S.G. § 2D1.1, the guideline for crack cocaine offenses.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Much of Whitehead's brief amounts to an attack on his original sentence. He asserts that he was entrapped into a higher sentence, and he contends that the procedures required under 21 U.S.C. § 851 to increase his punishment by reason of his prior convictions were not followed.

"A modification proceeding is not the forum for a collateral attack on a sentence long since imposed and affirmed on direct appeal." *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). A § 3582(c)(2) motion "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Accordingly, to the extent that Whitehead challenges his original sentence, he cannot obtain relief under § 3582(c)(2).

As the district court determined, on account of his prior felony drug convictions, Whitehead was subject to a mandatory sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A). A mandatory minimum statutory penalty overrides the retroactive application of a new guideline. *See United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994). Because Whitehead's sentence of life imprisonment was statutorily mandated, he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently

been lowered by the Sentencing Commission." § 3582(c)(2); *see Pardue*, 36 F.3d at 431.

AFFIRMED.