**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 19, 2012

No. 12-10306
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODERICK GENE REED, also known as Rod,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CR-68-2

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Roderick Gene Reed, federal prisoner # 46988-019, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion seeking modification of his life sentence for conspiracy to distribute cocaine base and possession with the intent to distribute 50 grams or more of cocaine and cocaine base. Reed argues that the district court abused its discretion in denying his § 3582(c)(2) motion. He asserts that Amendment 750 and the Fair Sentencing Act effectively raised the threshold amount of crack cocaine necessary to trigger the statutorily mandated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10306

life sentence under 21 U.S.C. § 841 to 280 grams and that he was responsible for only 240 grams of crack cocaine.

A district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009).

The district court correctly determined that Reed was subject to a mandatory sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A) based on his two prior felony drug convictions. A mandatory minimum statutory penalty overrides the retroactive application of a new guideline. *See United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994). Because Reed's sentence of life imprisonment was statutorily mandated, he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see Pardue*, 36 F.3d at 431. Additionally, contrary to Reed's assertion, the Fair Sentencing Act has no applicability to him because he was sentenced before it took effect. *See United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011).

Reed also challenges his sentence on grounds that the district court lacked jurisdiction to apply the enhancement and that he was denied the effective assistance of counsel. "A modification proceeding is not the forum for a collateral attack on a sentence long since imposed and affirmed on direct appeal." *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). A § 3582(c)(2) motion "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Accordingly, to the extent that Reed challenges his original sentence, he cannot obtain relief under § 3582(c)(2).

The judgment of the district court is AFFIRMED.