# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31275
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENJAMIN BLOUNT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:98-CR-20058-3

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Benjamin Blount, federal prisoner # 06674-035, appeals the denial of his motion for reconsideration following the denial of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Blount seeks to proceed in forma pauperis (IFP) on appeal. To proceed IFP, the party must demonstrate financial eligibility and the existence of any nonfrivolous issue for appeal. *See* FED. R. APP. P. 24(a)(1); *Carson v. Poll*ey, 689 F.2d 562, 586 (5th Cir. 1982).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31275

Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Blount argues that the district court erred in concluding that he was not eligible for a reduction in his sentence under § 3582(c)(2). He avers that the district court erred in refusing to reduce his sentence under the amendments resulting from the Fair Sentencing Act (FSA).

We review "a district court's decision whether to reduce a sentence pursuant to . . . § 3582(c)(2) for abuse of discretion, . . . its interpretation of the Guidelines de novo, and its findings of fact for clear error." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted). The denial of a motion for reconsideration is also reviewed for abuse of discretion. *See Martinez v. Johnson,* 104 F.3d 769, 771 (5th Cir. 1997).

The district court correctly determined that Blount was subject to a mandatory sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A) based on his two prior felony drug convictions. A mandatory minimum statutory penalty overrides the retroactive application of a new guideline. *See United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994). Because Blount's sentence of life imprisonment was statutorily mandated, he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see also United States v. Reed,* 490 F. App'x 633, 634 (5th Cir. 2012) (holding that a defendant subject to a mandatory sentence of life based on two prior felony convictions was not eligible for application of amendments to crack cocaine guidelines). Additionally, contrary to Blount's assertion, the FSA has no applicability to

2

No. 13-31275

him because he was sentenced before it took effect. *See United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011).

In light of the foregoing, Blount has not demonstrated that he will present a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion. *See Howard*, 707 F.2d at 220. Accordingly, his request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.