# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10347

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH TERRILL NELSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-30-15

Before CLEMENT, ELROD and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Joseph Terrill Nelson, federal prisoner # 26093-177, moves to proceed in forma pauperis (IFP) to appeal the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence, in which he argued that Amendment 782 to the Sentencing Guidelines should be retroactively applied to reduce his advisory guidelines range. The district court held that his motion was barred by his execution of a waiver of reduction of sentence under § 3582(c).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10347

By moving for IFP, Nelson is challenging the certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983) (internal quotation marks and citation omitted). We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo and its findings of fact for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Regarding the § 3582(c) waiver, Nelson's sole challenge to its applicability is that constitutional issues cannot be the subject of a waiver, which argument is frivolous given that the waiver involves a statutory right, not a constitutional one. Nevertheless, even if it is assumed arguendo that the waiver was inapplicable, Nelson argues that the applicable guidelines range, post-amendment, should be 37 to 46 months. This range, however, is far below the five-year mandatory minimum set forth under 21 U.S.C. § 841(b)(1)(B). A mandatory minimum statutory penalty overrides the retroactive application of a new guideline. *United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994). Therefore, this argument is also frivolous.

Nelson additionally argues that the district court's drug quantity calculation was erroneous and that his guilty plea was not supported by a sufficient factual basis. Section 3582(c), however, is not a substitute for a direct appeal. By virtue of its plain language, the statute applies only to reductions in sentence. *See* § 3582(c)(2). Consequently, § 3582(c) is not the appropriate vehicle for Nelson to challenge the district court's drug quantity finding or the validity of his guilty plea, and those claims are simply not

No. 15-10347

cognizable on review of the denial of a motion to reduce sentence. *See Dillon v. United States*, 560 U.S. 817, 826, 831 (2010).

Based on the preceding, Nelson has not shown that his appeal involves a nonfrivolous issue. *See Howard*, 707 F.2d at 220. Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n. 24.

IFP DENIED; APPEAL DISMISSED.