# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50924
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS DESHAW HICKS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-292-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Marcus Deshaw Hicks appeals following the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction following an amendment to the Sentencing Guidelines which lowered his guidelines range. In 2011, Hicks was sentenced to 240 months of imprisonment, which sentence was (i) within the guidelines range then applicable to Hicks's offense, based on the sentencing court's finding that the offense involved 510 grams of crack cocaine

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50924

and (ii) the mandatory minimum sentence applicable to offenders who, like Hicks, had a prior felony conviction. *See* 21 U.S.C. § 841(b)(1)(A). In denying Hicks's motion, the district court held that Hicks was "not eligible for a reduction in sentence due to the mandatory minimum term of imprisonment to which [he] was sentenced."

On appeal, Hicks argues that he is eligible for a two-level reduction in his offense level, based on the retroactive application of the lowered offense levels under the drug-trafficking guideline, U.S.S.G. § 2D1.1(c)(5) (Nov. 2015), which were implemented through Amendments 782 and 788 to the Guidelines. *See* U.S.S.G. Supp. to App. C, Amends. 782 and 788. Hicks further argues that, although the sentencing court found that he was subject to a minimum mandatory sentence of 20 years of imprisonment, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (FSA), applies to him under the Supreme Court's holding in *Dorsey v. United States*, 132 S. Ct. 2321 (2012). Because the FSA applies to him, he argues that his mandatory minimum sentence should be 10 years instead of 20 years, because "the amount of crack alleged in his indictment—50 grams or more—subjected him to a recidivist minimum of 10 years, not 20 years." Hicks further argues that the "district court's finding that Hicks's relevant conduct involved 510 grams of crack did not alter the applicable mandatory minimum," because "[t]he mandatory minimum is based on the amount alleged in the indictment, not the amount found by the sentencing court." As a result, Hicks maintains that he is eligible for resentencing under the lowered offense levels set forth in amended § 2D1.1, which would result in a sentencing range of 168 to 210 months.

Section 3582(c)(2) provides that a defendant's sentence may be modified if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

2

No. 15-50924

§ 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (2009). Section 3582(c)(2) applies only to retroactive guidelines amendments as set forth in § 1B1.10(a). *See Dillon v. United States*, 560 U.S. 817, 826 (2010). Amendments 782 and 788 apply retroactively. *See* § 1B1.10(d). The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion. *Dillon*, 560 U.S. at 826. The district court must first determine whether the defendant is eligible for a sentence reduction under § 1B1.10 and then may proceed to consider whether a reduction is warranted in whole or in part under 18 U.S.C. § 3553(a)'s sentencing factors. *Dillon*, 560 U.S. at 826-27.

This court reviews a district court's decision "whether to reduce a sentence pursuant to . . . § 3582(c)(2) for abuse of discretion, . . . its interpretation of the Guidelines *de novo*, and its findings of fact for clear error." *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (internal quotation marks and citation omitted). "A court abuses its discretion when the court makes an error of law or bases its decision on a clearly erroneous assessment of the evidence. When a court in applying its discretion fails to consider the factors as required by law, it also abuses its discretion." *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (internal quotation marks and citation omitted).

Amendment 782 to the Sentencing Guidelines has the retroactive effect of reducing Hicks's base offense level and, by extension, his total offense level and guidelines range. However, Hicks is not eligible for a reduction in his sentence to the extent that the reduced sentence would be "less than any statutorily required minimum sentence." § 5G1.1(c)(2); *see United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994) (holding that a mandatory minimum statutory penalty overrides the retroactive application of a new guideline).

3

No. 15-50924

Pursuant to the Supreme Court's holding in *Dorsey*, the FSA applies to Hicks because he was sentenced after the FSA's effective date. 132 S. Ct. at 2329. Hicks argues that, by virtue of the fact that his indictment only alleged that he was responsible for 50 grams or more of crack cocaine, he does not meet the 280 gram threshold required for a mandatory minimum sentence of 20 years under the FSA for offenders with a prior felony drug conviction. At the same time, however, the sentencing court found Hicks responsible for 510 grams of crack cocaine—far in excess of the FSA's 280 gram threshold—which would mandate a minimum 20-year sentence regardless of the application of the FSA. Thus, crucial to Hicks's claim that the FSA applies to reduce Hicks's mandatory minimum sentence, is his argument that the drug quantity alleged in the indictment—and not the drug quantity subject to judicial factfinding—controls in his § 3582 proceeding.

In support of his argument that the drug quantity alleged in the indictment controls, Hicks cites the Supreme Court's decision in *Alleyne v. United States,* 133 S. Ct. 2151 (2013), which was handed down while Hicks's appeal was pending. In *Alleyne*, the Supreme Court held that any fact that increases a mandatory minimum sentence for a crime is an "element" of the crime that must be found by a jury. 133 S. Ct. 2162-63. Thus, although Hicks grounds his § 3582(c)(2) motion in the sentencing changes wrought by Amendment 782, his motion cannot succeed without this court's application of the Supreme Court's holding in *Alleyne*. However, any reduction in Hicks's sentence based on an application of *Alleyne* here would impermissibly expand the limited scope of § 3582(c)(2) proceedings for two primary reasons.

First, while § 3582(c)(2) allows a defendant to file a motion to reduce his sentence based on appropriate retroactive amendments to the Sentencing Guidelines, like Amendment 782, it does not allow a defendant to seek a

No. 15-50924

reduction in his sentence based on new case law.  Rather, the appropriate method to challenge a conviction or sentence which a defendant claims is unconstitutional under Supreme Court precedent is through a § 2255 petition. *See* § 2255(a) ("A prisoner . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.").

Second, any aspect of Hicks's sentence that was not affected by Amendment 782, such as his minimum mandatory sentence, is outside the scope of § 3582(c)(2) proceedings.  *See Dillon*, 560 U.S. at 831 ("§ 3582(c)(2) does not authorize a resentencing [and] instead, it permits a sentence reduction within the narrow bounds established by the Commission"); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) ("A § 3582 motion is not . . . a challenge to the appropriateness of the original sentence."); *United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994) (observing that a § 3582(c)(2) proceeding is not the appropriate vehicle for relitigating a sentencing issue).  Hicks's claim that he is eligible for resentencing because his sentence was based on a drug quantity not determined by a jury is not a claim based on a retroactive amendment to the Sentencing Guidelines and is therefore not cognizable under § 3582.

For the foregoing reasons, Hicks has not established that the district court abused its discretion in denying Hicks's § 3582(c)(2) motion, and the district court's judgment is hereby AFFIRMED.

5